Filed 2/4/16  P. v. Rocha CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL ROCHA,<br><br>    Defendant and Appellant. | F070168<br><br>(Super. Ct. No. BF152969A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Kane, J. and Smith, J.

**INTRODUCTION**

After his motion to suppress was denied, appellant Daniel Rocha pled guilty to one count of being a felon in possession of ammunition, and admitted that he had suffered a prior strike, and had served two prior prison terms. Appellant was sentenced to the upper term of three years, doubled because of the strike prior. The court struck the two prison priors for a total term of six years. Appellant filed a notice of appeal, stating he was raising the denial of his motion to suppress. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) identifying no arguable issues and asking this court to independently review the entire record on appeal. This court, thereafter, issued a letter inviting appellant to file a supplemental brief. No supplemental brief was filed.

Our independent review of the record did not discover any arguable issues. Accordingly, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 26, 2013, police officers were conducting surveillance at 306 Northrup Street, Apartment B in Bakersfield, California, for the sales of narcotics. It was known to officers at the time, that the individual residing there, Rosa Romero, was on probation due to a prior drug sales conviction. During the surveillance, Officer Alex Paiz observed a man later identified as appellant, arrive in a black 2006 Chevrolet Colorado pick-up, exit the vehicle and use a key to enter the apartment under surveillance. Appellant exited approximately three minutes later carrying a small black box. Appellant returned to the vehicle and drove to 1121 Texas Street where he parked. He exited the vehicle carrying the small black box, and opened the engine compartment of the vehicle. When he shut the hood he no longer had the black box in his hands. He briefly spoke with another male, then entered the vehicle, and drove away.

Officer Paiz radioed other officers regarding appellant and the vehicle. Officer Chuen Tsang located the vehicle and attempted an enforcement stop. Appellant broke

2.

several traffic laws in the process of successfully evading the officers. A short time later, Officer Lukious Sims located the unoccupied vehicle running, with the driver's side door open, in a parking lot. The vehicle was subject to impound and Sims conducted an inventory search. In plain view, Sims observed a brown tar-like substance believed to be heroin. Also found were two cellular phones, and in the air filter a safe box containing a loaded nine-millimeter semiautomatic firearm. Prior to being towed, the vehicle was released to its owner.

The Kern County District Attorney filed an information on March 29, 2014, charging appellant with count 1, evading a police officer (Veh. Code, § 2800.2); count 2, possession of heroin while armed with a loaded operable firearm (Health and Saf. Code, § 11370.1, subd. (a)); count 3, a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)); count 4, a felon in possession of ammunition (Pen. Code, § 30305, subd. (a)(1)); count 5, transporting or selling heroin (Health & Saf. Code, § 11352, subd. (a)); count 6, possessing heroin for sale (Health & Saf. Code, § 11351); count 7, possessing methamphetamine for sale (Health & Saf. Code, § 11378); count 8, interfering with a police officer by means of threats or violence (Pen. Code, § 69); and count 9, possessing heroin (Health & Saf. Code § 11350, subd. (a)). It was alleged that with respect to counts 5 and 6, appellant was personally armed with a firearm, and with respect to counts 5, 6 and 7, appellant had suffered a prior drug conviction. It was further alleged as to all counts that appellant had suffered a strike prior and two prison priors.

On May 7, 2014, the court denied appellant's motion to set aside information pursuant to Penal Code section 995. On that same date the court, after an in camera hearing, denied appellant's motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. On June 24, 2014, the court denied appellant's motion to suppress.

On June 27, 2014, appellant pleaded guilty to one count of a felon in possession of ammunition and admitted that he had suffered a strike prior and served two prior prison terms on the condition he would receive no more than eight years.

3.

On September 17, 2014, the court denied appellant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced appellant to the upper term of three years, doubled for a total of six years. The court struck the two prison priors. The court awarded appellant 31 days of actual credit and 30 days of conduct credit for a total of 61 days. Various fees and fines were also imposed.

On September 17, 2014, appellant filed a timely notice of appeal stating he was raising the denial of his motion to suppress. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) identifying no arguable issues and asking this court to independently review the entire record on appeal. No supplemental brief was filed.

## DISCUSSION

The notice of appeal filed by appellant raises the issue of the court's failure to suppress evidence. Appellate counsel filed a brief stating there are no arguable issues and appellant did not file a supplemental brief.

Appellant's notice of appeal stated an intent to challenge the denial of his motion to suppress. An inventory search of a vehicle impounded by police is a well-recognized exception to the search warrant requirement because it serves "to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." (*Colorado v. Bertine* (1987) 479 U.S. 367, 372; *Florida v. Wells* (1990) 495 U.S. 1, 4.) The police have a legitimate interest in taking an inventory of the contents, including closed containers, in a vehicle they legally impound. (*People v. Williams* (1999) 20 Cal.4th 119, 126.) Appellant has not shown the warrantless search did not come within an exception to the warrant requirement because the owner of the vehicle was located before the vehicle was impounded.

After an independent review of the record, we have concluded there are no reasonably arguable legal or factual issues. *(Wende, supra,* 25 Cal.3d 436.)

4.

## DISPOSITION

The judgment is affirmed.